ST. CLAIR INTELLECTUAL PROP-
ERTY CONSULTANTS, INC.,
Plaintiff–Respondent,

v.

NOKIA CORPORATION and Nokia
Inc., Defendants–Petitioners,

and

Hewlett–Packard Company,
Defendant–Petitioner,

and

Palm, Inc., Kyocera Wireless Corp., and
Kyocera Sanyo Telecom, Inc. (Now
known as Kyocera Communications,
Inc.), Defendants–Petitioners,

and

HTC Corporation, HTC (BVI) Corp.,
and HTC America, Inc.,
Defendants–Petitioners,

and

Research in Motion, Ltd. and Research
in Motion Corp., Defendants–
Petitioners.

St. Clair Intellectual Property
Consultants, Inc., Plaintiff–
Respondent,

v.

Fujifilm Holdings Corporation, Fujifilm
Corporation, Fuji Photo Film Co.
Ltd., Fuji Photo Film U.S.A. Inc., Fu-
jifilm U.S.A., Inc. and Fujifilm Amer-
ica Inc., Defendants–Petitioners.

Misc. Nos. 952, 953.

United States Court of Appeals,
Federal Circuit.

Sept. 24, 2010.

PER CURIAM.

ORDER

Nokia et al. and Fujifilm et al. petition
for permission to appeal orders certified
by the United States District Court for the
District of Delaware as ones involving a
controlling issue of law as to which there is
substantial ground for difference of opin-
ion and for which an immediate appeal
may materially advance the ultimate ter-
mination of the litigation. St. Clair Intel-
lectual Property Consultants, Inc. opposes.
Nokia and Fujifilm move for leave to file a
reply. St. Clair opposes. Fujifilm moves
without opposition to consolidate these pe-
titions.

These two petitions stem from suits
brought by St. Clair in the District of
Delaware alleging infringement of four re-
lated patents (the Roberts Patents). In
these cases, the district court has adopted
the claim construction order from a sepa-
rate prior suit brought by St Clair against
Fuji also involving the Roberts Patents
(*Fuji I* ). Final judgment in *Fuji I* was
issued in 2009 in favor of St. Clair and is
now currently on appeal before this court.
The Fuji I appeal has been fully briefed
and is scheduled for oral argument in Oc-
tober of 2010.

In late February 2010 the district court
adopted the *Fuji I* claim construction or-
der. The following month, the petitioners
sought to file an amicus brief in *Fuji I*.
That motion was denied by this court on
April 30, 2010. The petitioners also re-
quested that the district court certify the

claim construction order for interlocutory appeal. The district court certified the order for interlocutory appeal on July 20, 2010. Ultimately, however, this court must exercise its own discretion in deciding whether it will grant permission to appeal interlocutory orders certified by a trial court. *See In re Convertible Rowing Exerciser Patent Litigation*, 903 F.2d 822 (Fed.Cir.1990); 28 U.S.C. § 1292(c)(1).

Granting the petitions under these circumstances is not warranted. Unlike *Regents of the Univ. of California v. Dako North America, Inc.*, 477 F.3d 1335, 1336–37 (Fed.Cir.2007) in which this court granted immediate appeal of a claim construction order when intertwined with the issues in a pending appeal, the 1292(b) petitions here were brought well after the court expended resources preparing for oral argument in *Fuji I*. We see no reason to delay proceedings in that case on these grounds and therefore deny the petitions.

Accordingly,

IT IS ORDERED THAT:

(1) The petitions for permission to appeal are denied.

(2) The motion to consolidate is granted. The revised official caption is reflected above.

(3) The motion for leave to file a reply is granted.